IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| IN RE: | )Chapter 13 |
| | ) |
| MATTHEW BATEMAN | )Case No.: 1:18-03445 (HWV) |
| BRENDA BATEMAN | ) |
|     Debtor(s) | ) |
| | ) |
| MATTHEW BATEMAN | ) |
| BRENDA BATEMAN | ) |
|     Movant | ) |
| | ) |
| vs | ) |
| | ) |
| QUICKENS LOAN | ) |
| Harford County Tax Claim Bureau | ) |
| Harford County School District | ) |
| | ) |
|     Respondent | ) |

_____

**<u>ORDER APPROVING SALE OF REAL PROPERTY</u>**

This matter is before the Court on the motion (the "Motion") of Matthew and Brenda Bateman ("Debtors") for the entry of an order authorizing sale of the Debtors rental property located at and known as 3957 Bush Court, Abington, MD Harford County (the "Property").

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Property, and such is due and sufficient

in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

<b>THE COURT HEREBY FINDS AND CONCLUDES THAT:</b>

A.   Debtors are debtor-in-possession under Chapter 13 of the Bankruptcy Code.

B.   The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (f), and Bankruptcy Rules 2002, 6004, 9013, and 9014.

C. This Court has jurisdiction over Debtors, over all of Debtors assets wherever located, and over all creditors of the Debtors. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, and further based upon representations of counsel at any hearing: proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Property therein referenced, has been provided to all creditors and interested parties in the Debtors above-referenced Chapter 13 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Property.

F. The sale of the Property was conducted at arms' length. Vivian Le, provided the highest and best offer, without collusion and in good faith. Neither the Debtors nor Buyer has engaged in any conduct that would cause or permit any part of the proposed sale to be avoided (or the validity of the sale affected) under Code Section 363(n) or any other provisions of the Bankruptcy Code. The good faith of each Buyer is evidenced by, among other things, the following facts: (a) the Agreement for the Sale of Real Estate executed is the product of arm's length transactions between Debtors and Buyer; and (b) all payments to be made in connection with the contemplated transaction have been disclosed.

G. The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H. Debtors advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated therein (the "Sale Transaction").

I. The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

J. Debtors may sell the Property to Buyer under the terms and conditions as set forth in the Agreement for Sale and the Sale Motion, free and clear of all Liens and

Claims (as hereinafter defined) because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2. The Motion is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to Bankruptcy Code Section 363(f)(1). The Debtors, as Sellers, are authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3. Further, the Debtors are authorized to execute any and all documents necessary to effectuate the transaction set forth in the Agreement for Sale.

4. Each of the bills of sales, releases, agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale, are approved and authorized in their entirety, except as may be modified in this.

5. Debtors are authorized, pursuant to Code Sections 105(a), 363(b), and 363(f), to perform all of its obligations under the Sales Agreement.

6. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), and 363(n).

7. Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtors ordinary course of business, have been satisfied.

8. The Debtors hereby are authorized to execute, deliver, exchange, and perform under all documents necessary or appropriate to consummate sale and transfer of the Property to the Buyer.

9. The Debtors are authorized to pay costs and expenses associates with the sale of the Property as follows:

    a. Any notarization or incidental filing charges required to be paid by Debtors as seller.

    b. All other costs and charges apportioned to the Debtors as sellers;

    c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of $3000.00 for legal fees and expenses owed to Sean P. Quinlan, and case professionals, or to be owed to Sean P. Quinlan and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Sean P. Quinlan and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow.

    d. One-half of all transfer taxes which may be owed on account of the transaction.

    e. Past due real estate taxes, if any, and present real estate taxes pro rated to the date of closing on the sale.

    f. Past due and present municipal charges, if any, for water, sewer and trash pro rated to the date of closing on the sale.

11. Subsequent to the payment of costs of sale as set forth above, the Debtors shall pay on Quicken account of its notes secured by a first mortgage

up to the full amount owed on the note secures by the Banks mortgage liens. Quickens loan shall be paid in full at closing.

12. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Property, to the net proceeds obtained for the Property, subject to the rights, claims, defenses and objections of the Debtors and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims as and when sale of the Property occurs. If the proposed sale of the Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Property are hereby directed to prepare, and record promptly after the closing of sale of the Property, releases of such Liens and Claims reasonably satisfactory to the Buyer.

13. Nothing herein shall work to the prejudice of the rights of the Debtors or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

14. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens and Claims existing or that may be raised as to the Property prior to such closing have been unconditionally released and terminated.

15. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or

otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Property (all such persons or entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Assets in conformity herewith.

16. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Sale Assets; (c) to compel delivery of the Assets to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

17. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004(g) is declared inapplicable and waived.