IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| | ) |
| MATTHEW BATEMAN | ) Case No.: 1:18-03445 (HWV) |
| BRENDA BATEMAN | ) |
|     Debtor(s) | ) |
| | ) |
| MATTHEW BATEMAN | ) |
| BRENDA BATEMAN | ) |
|     Movant | ) |
| | ) |
| vs | ) |
| | ) |
| QUICKENS LOAN | ) |
| Harford County Tax Claim Bureau | ) |
| Harford County School District | ) |
| | ) |
|     Respondent | ) |

_____

**"CORRECTED" DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**
**(3957 Bush Court, Harford County, Maryland)**

Matthew and Brenda Bateman, Debtors, by and through their Bankruptcy counsel, Sean P. Quinlan and pursuant to Sections 105, 363(b), (c), (f), (k), and (m), 365 and 1303 of the United States Code, 11 U.S.C. §§101 et seq., (the "Bankruptcy Code" or "Code") and Rules 2002, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves this Court for entry of an Order

authorizing the herein-described sale free and clear of all liens, claims, encumbrances, and other interests asserted against the Property to be sold.

NOTICE TO PERSONS RECEIVING THIS MOTION: YOUR RIGHTS MAY BE AFFECTED.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. The Debtors are adult individuals who reside in York County, Pennsylvania.

3. On August 18, 2018, The Debtors filed their voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

4. Charles DeHart has been appointed as the Chapter 13 Trustee in this case.

5. The Debtors own residential property located at and known as 3957 Bush Court, Abingdon MD, Harford County, Maryland (the "Property"). Said property has a first mortgage lien held by Quicken Loans.

## THE PROPOSED SALE

6. The Debtors received an offer and, accordingly, has executed an agreement of sale on behalf of Vivian Le (the "Buyer") for the sale of the Rental Property to the Buyer for the total consideration of $153,000.00. A true and correct copy of the agreement of sale is attached hereto as Exhibit "A" (the "Agreement").

7. The Debtors believe that the sale consideration of $153,000.00 constitutes a fair and reasonable consideration. The only contingencies set forth in the Agreement is Bankruptcy Court approval. There are no financing contingencies.

8. The Buyers are not related to either Debtors in any way. The offer was made to the debtor for purchase which amount was fair based on the market value of the property. The debtor has agreed to the offer and decided to sale without a realtor.

## LIENS AND ENCUMBRANCES

9. The Property is subject to a mortgage lien in favor of Quicken Loans. in the approximate principal amount of $90,000.00. See payoff statement attached.

10. The Property may also be subject to the following encumbrances:

> a. Real estate taxes owed, if any, to the Harford County Tax Claim Bureau.
>
> b. Real estate taxes owed, if any, to Harford County, MD.
>
> c. Real estate taxes owed, if any, to Harford School District.

## RELIEF REQUESTED

12. The Debtors ask that the Property be sold free and clear of all liens, claims, encumbrances, and other interests, including but not limited to the liens and other matters above referenced. All liens, claims, encumbrances and other interests against the Property shall transfer and affix to the sale proceeds in the same order of priority as they enjoyed immediately before the commencement of this bankruptcy case, subject to Bankruptcy Court Order.

13. Debtors propose to pay costs and expenses associated with the sale of

the Property as aforesaid at Closing as follows:

    a. Any notarization or incidental filing charges required to be paid by Debtor as seller.

b. All other costs and charges apportioned to the Debtor as seller;

c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of $3000.00 for legal fees and expenses owed to Sean P. Quinlan and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Sean P. Quinlan, and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow.

d. One-half of all transfer taxes which may be owed on account of the transaction.

e. Past due real estate taxes, if any, and present real estate taxes pro rated to the date of closing on the sale.

f. Past due and present municipal charges, if any, for water, sewer and trash pro rated to the date of closing on the sale.

14. Subsequent to the payment of costs of sale as set forth above, the Debtors proposes to pay Quicken Loans, on account of its note secured by a first mortgage lien up to the full amount owed on the note secured by the Bank's mortgage lien. The debtor believes that the proposed distribution to Quicken Loans will be approximately $90,000.00. The remaining nonexempt net Proceeds, after deducting the debtors Wildcard exemption amount, will be turned over to the Chapter 13 Trustee for distribution to Unsecured creditors who have filed valid claims. The debtors believe

that the amount to be turned over to the Chapter 13 Trustee will pay the bankruptcy case out in full.

15. The consideration for the Property is fair and reasonable and is believed to be equivalent to the market value thereof. The Buyer is believed to be financially capable of closing on the sale.

## GROUNDS FOR RELIEF

**A. Approval of Sale Pursuant to Bankruptcy Code Section 363(b) and 1206.**

16. Code Section 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the state." 11 U.S.C. §363(b)(1).

17. The proposed use, sale or lease of property of an estate may be approved under Code Section 363(b) if supported by sound business judgment. See Titusville Country Club v. Pennbank (In re Titusville Country Club), 128 B.R. 396 (Bankr.W.D.Pa. 1991).

18. Although Code Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts within the Third Circuit and others, in applying this Section, have invoked the "business judgment rule" as a standard. See In re Exaeris, 380 B.R. 741, 744 (Bankr.D.Del. 2008); In re Del. & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Industrial Valley Refrig. & Air. Conditioning Sup., Inc., 77 B.R. 15, 21 (Bankr.E.D.Pa. 1987) (proponent of sale mustshow "sound business purpose" and meet other requirements of Code Section 363(b)(1)); In re Lionel Corp., 722 7 F.2d 1063, 1068-69 (2d Cir. 1983) (a court may authorize the sale of a Chapter 11 debtor's assets when "a sound business

purpose" dictates such action).

19. As discussed herein, the Debtor's decision to sell the Property is an exercise of reasonable business judgment.

**B. The Sale Should be Free of Liens, Claims, Encumbrances, and Other Interests.**

20. Pursuant to Code Section 363(f), a trustee may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied.

-- applicable nonbankruptcy law permits sale of such property free and clear of such interest; -- such entity consents;

-- such interest is in lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

-- such interest is in bona fide dispute; or

-- such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f). See In re Trans World Airlines, Inc., 322 F.3d 283, 288 (3d Cir. 2003) (court may approve sale "free and clear" provided at least one of the subsections is met); Criimi Mae Services L.P. v. WDH Howell, LLC (In re WDH Howell, LLC), 298 B.R. 527, 530 (Bankr.D.N.J. 2003).

21. Pursuant to Code Section 1303, the Debtor has the right and power of a trustee to sell the Property.

22. Debtor believes that one or more conditions of Code Section 363(f) are satisfied in the present instance.

23. The Debtor may sell the Property free and clear of any lien, claim, encumbrance, or interest so long as all secured liens attach to the sale proceeds. See Milford Group, Inc. v. Concrete Steps Unit, Inc. (In re Milford Group, Inc.), 150 B.R. 904 (Bankr.M.D.Pa. 1992).

24. Accordingly, the Court should authorize the Debtor to sell the Property to Buyer, free and clear of any and all liens, claims, interest, and encumbrances, with such liens to be transferred and attached to the gross proceeds of the sale, with the same validity and priority that such liens had against the Property, and subject to the aforesaid costs of sale set forth in this Order.

**C. The Buyer Should Be Granted the Protections of Good Faith Purchasers**

25. Code Section 363(m), 11 U.S.C. §363(m), provides: (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

26. While the Bankruptcy Code does not define "good faith", the Court of Appeals for the Third Circuit ruling in In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Cir. 1986) held that:

> [t]he requirement that a purchaser act in good faith...speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted). The Joint Debtor submits that the hereinabove referenced sale is an arm's length transaction in which the Buyer acted in good faith under the Abbotts Dairies standards.

27. Accordingly, Debtors ask that this Honorable Court determine that the Buyer is acting in good faith and are entitled to the protections of a good faith purchaser

under Code Section 363(m). See Cinicola v. Scharffenberger, 248 F.3d 110, 121-22 (3d Cir. 2001) (recognizing that the protections of Code Section 363(m) promote the policy of finality for third parties who have acted in good faith).

**D. Request that the Sale Approval Order Be Effective Immediately.**

28. Bankruptcy Rule 6004 provides that an order authorizing the use, sale, or lease of property, is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. Fed.R.Bankr.P. 6004(h). Buyer wishes to move forward with respect to the various due diligence and thus, it is important that the Order become final as quickly as possible. Debtor requests that any order approving the sale transaction be effective immediately by declaring inapplicable the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d).

**STATEMENT REQUIRED UNDER LOCAL RULE 6004-4**

29. The Debtors are individuals and have a 100% ownership interest in the Rental roperty, which is being sold under this Motion.

30. No sub-parts of Local Rule 6004-4 are implicated by the proposed transaction, as the Buyer, as proposed buyer, bears no relationship to either Debtors or the Debtors nor does the proposed transaction contemplate any breakup fee.

**CONCLUSION**

WHEREFORE, Debtors, Matthew and Brenda Bateman respectfully requests that this Honorable Court grant said Motion.

WHEREFORE, it is respectfully requested this Honorable Court enter Approve the sale of the Rental property located at and known as 3957 Bush Court, Harford County, Abingdon MD.

a. Promptly schedule a hearing to consider the relief herein requested;

b. At the conclusion of such hearing enter an Order substantially in the form accompanying this Motion, approving the sale, as proposed; and

c. Approving the distributions set forth above.

Respectfully submitted:

/s/ Sean P. Quinlan, Esquire
Attorney for Debtor
Quinlan Law Office
2331 Market Street
Camphill, PA 17011
717 724-7503
Email: spqesq@hotmail.com